[No. 9128–7–III. Division Three. November 17, 1988.]

FARMERS INSURANCE COMPANY OF WASHINGTON, *Respondent,* v. BRYAN S. WHITEHEAD, *Appellant.*

---

754

*David Smith* and *John Cooney,* for appellant.

*Richard Hayes* and *MacGillivray & Jones,* for respondent.

GREEN, J.—During the evening of August 31, 1985, Bryan Whitehead and Phuoc Nguyen were pushing Mr. Nguyen's disabled car while Leah Hart was inside steering it. The car was struck from the rear by a motorcycle. Neither the motorcycle nor the car was insured. Mr. Whitehead submitted a claim to Farmers Insurance Company for his injuries claiming coverage under the underinsured motorist provisions of a policy issued to Howard and Pamela Hart, the parents of Leah Hart. The claim was denied. Farmers then instituted this declaratory action to determine whether Mr. Whitehead was covered under the policy. Each party moved for summary judgment. The court held Mr. Whitehead was not an insured person under the underinsured motorist provisions of the policy and denied coverage. He appeals. We affirm.

Liability coverage is provided under the Farmers policy when an *"insured person* is legally liable" for damages which arise out of the "ownership, maintenance or use of a *private passenger car,* a *utility car,* or a *utility trailer."* For purposes of liability, an insured person includes:

1. You or any *family member.*
2. Any person using *your insured car.*

"Your insured car" is defined as "[t]he vehicle described in the Declarations of this policy . . .", *i.e.*, the Harts' 1970 Ford truck. In a succeeding paragraph, the policy states "[y]our insured car" also includes:

any other *private passenger car* . . . not owned by or furnished or available for the regular use of you or a *family member*. But no vehicle shall be considered as *your insured car* unless there is sufficient reason to believe that the use is with permission of the owner, and unless it is used by you or a *family member*.

Mr. Whitehead contends Ms. Hart's use of the car with the permission of its owner brings the vehicle within this last definition of "[y]our insured car" under the Hart policy. Since he was pushing the disabled car at the time of the accident, he argues he is an insured person under the policy provision, "[a]ny person using *your insured car*." Since he is an insured person under the liability section of the policy, Mr. Whitehead claims the benefit of the underinsured motorist coverage based on RCW 48.22.030. We disagree.

■ Clear and unambiguous language will not be modified under the guise of construing the policy. *Federated Am. Ins. Co. v. Strong*, 102 Wn.2d 665, 670, 689 P.2d 68 (1984). Mr. Whitehead's construction ignores the qualifying language of the definition of what constitutes an insured car when it is not owned by, furnished or available for regular use by the insured or a family member. In these circumstances, to come within the definition of "[y]our insured car", it must be used by "[y]ou or a family member." "You" is defined as "the 'named insured' shown in the Declarations and spouse if a resident of the same household." This expanded definition is limited to Mr. and Mrs. Hart, as the named insureds, and Ms. Hart, as a family member, and provides coverage for them while using a nonowned vehicle with permission of the owner. However, Mr. Whitehead, who is not a named insured or a family member, is not included under this expanded definition of "[y]our insured car".

 A clause or phrase cannot be considered in isolation, but should be considered in context including the purpose of the provision. *Riordan v. Commercial Travelers Mut. Ins. Co.,* 11 Wn. App. 707, 711, 525 P.2d 804 (1974). The purpose of the provision under construction is to extend liability protection to an insured or a family member when driving someone else's vehicle. It is not intended to provide protection to a noninsured, nonfamily member who is using someone else's vehicle, such as Mr. Whitehead. No authority has been cited to the contrary. We conclude coverage for Mr. Whitehead's claim was properly denied.

Farmers' request for attorney fees is denied.

Affirmed.

THOMPSON, C.J., and MUNSON, J., concur.

Review granted by Supreme Court February 28, 1989; dismissed April 27, 1989.